## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HERITAGE CAPITAL CORPORATION, HERITAGE AUCTIONEERS & GALLERIES, INC., HERITAGE NUMISMATIC AUCTIONS, INC., HERITAGE AUCTIONS, INC., HERITAGE VINTAGE SPORTS AUCTIONS, INC., CURRENCY AUCTIONS OF AMERICA, INC., and HERITAGE COLLECTIBLES, INC., | § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | No. 3:16-cv-03404-D |
| CHRISTIE'S, INC. and COLLECTRIUM, INC., | § § § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO SUBMIT DECLARATION**

DAL:954322.1

When Plaintiffs filed their Motion for Preliminary Injunction, the Court offered them the opportunity to supplement it with additional evidence. They declined. However, on March 3, 2016 Plaintiffs filed a motion for leave to submit an additional Declaration from Brian Shipman with their reply. The Court should deny leave, or alternatively, grant Defendants leave to file a brief (five page) surreply.

  A. *Defendants Oppose Plaintiffs' Motion for Leave Only If Defendants Are Not Allowed to Respond.*

Ordinarily, a court will not consider evidence and argument a movant raises for the first time in a reply brief.[1] But if it does, the court should allow the non-movant the opportunity to respond. Defendants are not opposed to the Court considering Plaintiffs' new affidavit so long as Defendants are allowed a brief surreply.

Plaintiffs *refused* to properly represent Defendants' position in Plaintiffs' Certificate of Conference. During the meet and confer, Mr. Setnick informed Mr. Bayer that "Defendants will not oppose Plaintiffs' motion for leave on the condition that Plaintiffs agree that if they are granted leave to file the Shipman affidavit that Defendants will also be granted leave to file a brief surreply,"[2] and requested that the following language be included in the Certificate of Conference:

> Defendants do not agree that the Shipman declaration contains evidence that is solely rebuttal or could not have been included in Plaintiffs' motion in the first instance. However, in the interests of avoiding unnecessary disputes, Defendants are not opposed to the Court granting Plaintiffs' requested leave so long as Defendants are afforded leave to file a short surreply to respond to what they believe is misleading argument and new evidence that Defendants have not had the opportunity to rebut.[3]

Plaintiffs' counsel responded that Plaintiffs would not agree to a surreply and then immediately filed the Motion. In his certificate of conference, Plaintiffs' counsel stated that he conferred with

---

[1] *Penn. Gen. Ins. Co. v. Story*, No. CIV.A. 3:03–CV–0330–G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003); *see* Order, ECF No. 25 at 3 (providing that Plaintiffs could file a reply brief but no additional evidence without Court's leave).

[2] App. 1 (email from Benjamin Setnick to Mark Bayer).

[3] *Id.*

1

Defendants' counsel and, "They later informed me that Defendants oppose this motion." This statement is not accurate. Defendants had no intention of disputing the present issue before the Court and sought to avoid the unnecessary briefing that has now occurred by allowing Plaintiffs the opportunity to file their declaration on the condition that Defendants be given the fair opportunity to respond. As a result of Plaintiffs' refusal to give Defendants such an opportunity, Defendants must oppose Plaintiffs' attempt to include a declaration that is misleading and effectively accuses Defendants' declarant of perjury.

> B.  Plaintiffs' Proposed Declaration Includes Evidence and Argument that Should Have Been Raised in Plaintiffs' Motion and is Misleading.

As the Court has explained, the purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion."[4] It is not to submit new evidence, especially evidence that merely supports the movants' prima facie burden. In fact, a court "generally will not consider arguments raised for the first time in a reply brief."[5] Exceptions are made however, and surreplies may be granted, to allow nonmovants the chance to respond to the movant's newly-asserted theories or evidence.[6] Where "a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response," the court may decline to consider them.[7]

Here, Plaintiffs seek to submit a declaration that contains evidence and argument to bolster their *prima facie* case and is misleading as to the facts. By misquoting and paraphrasing the

---

[4]  *Lombardi v. Bank of Am.,* No. 3:13-CV-1464-O, 2014 WL 988541, at *3-4 (N.D. Tex. Mar. 13, 2014) (citation and internal quotation marks omitted).

[5]  *See Penn. Gen. Ins. Co. v. Story, No.* CIV.A.3:03–CV–0330–G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) ("[N]o 'palpable injustice' exists where the nonmovants are given a chance to respond, as would be the situation if the court were to grant the instant motion for leave to file surreply.").

[6]  *See Lombardi*, 2014 WL 988541, at *3-4.

[7]  *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991).

2

DAL:954322.1

Declaration of David La Cross, Plaintiffs' proposed supplemental Declaration from Brian Shipman seeks to put words in Mr. La Cross's mouth. Plaintiffs then mischaracterize these purported statements, making it appear that Mr. La Cross's declaration is false. For example, paragraph 3 of the proposed Declaration confusingly paraphrases Mr. La Cross's statement with respect to the hyperlinks and long text descriptions for each listing in the database. Mr. Shipman's claim that that hyperlinks to the original auction listing were not included is not only false, but it is not supported by any actual evidence and merely restates the blanket assertions and arguments made in Plaintiffs' *prima facie* case.[8] Mr. Shipman also inaccurately paraphrases the La Cross Declaration with respect to inclusion of longer text descriptions.[9] Here, Mr. Shipman claims that La Cross represented to the Court that longer text descriptions were never included in the database, but Mr. La Cross did not say that. Instead, Mr. La Cross explained that the intent was to never include longer descriptions; however, as a result of a technical glitch, this occurred in approximately 10% of Plaintiffs' listings in Collectrium's database:

> In rare exceptions, there were technological issues in extracting the factual elements needed for the Abstracted Listing Format based on the way an auction listing was originally formatted. In those cases, longer text descriptions were inadvertently included in the listing that was added to the Collectrium database and Collectrium has worked towards manually adjusting these pages to conform to the Abstracted Listing Format.[10]

Plaintiffs are incorrect in claiming that the additional evidence in Mr. Shipman's Supplemental Declaration is necessary because it addresses facts and arguments that were unforeseeable at the time of filing the Motion for Preliminary Injunction.[11] Defendants' facts and arguments in opposition to Plaintiffs' *prima facie* case for copyright infringement and copyright violation were entirely foreseeable. Moreover, Plaintiffs cannot claim unfair surprise about supposed unknown evidence such as the fact that Defendants attributed Plaintiffs and hyperlinked

---

[8] *See* Pls' Reply to Mot. for Prelim. Inj. ECF. No 35, App., 1 ¶ 3.
[9] *See id.*
[10] Opp. to Prelim. Inj. ECF No. 32 App. 2-3 (La Cross Decl.) ¶ 7.
[11] *See* Pls' Mot. For Leave to File Dec. ECF No. 34, App. 3 ¶ 3.

back to their website when Mr. La Cross cited as support Plaintiffs' *own exhibits* to their Complaint.[12]

Mr. Shipman's new Declaration contains evidence that belatedly attempts to support Plaintiffs' *prima facie* case for the copyright infringement and computer fraud claims. For example, Mr. Shipman now identifies the "prices realized" information as information that is placed behind the membership wall within a few days, and thus not publicly available.[13] This does not merely address Defendants' argument or evidence regarding prior closing prices. Rather, Plaintiffs seek to bolster their arguments with new evidence that they could have presented in the first instance.

Plaintiffs cannot claim that they could not anticipate Defendants' common copyright defenses such as fair use and implied license or that Defendants would rely on industry norms, when these are all reasonable defenses to Plaintiffs' *prima facie* case. It was Plaintiffs' burden to prove the protective measures they took and the alleged steps Defendants took to defeat them. If Plaintiffs felt they did not have enough information or evidence to rebut Defendants' affirmative defenses at the time they filed their Motion for Preliminary Injunction, they could have accepted the Court's invitation to take discovery and supplement their evidence before Defendants responded.

## CONCLUSION

Plaintiffs' supplemental declaration is unnecessary because it merely attempts to restate their assertions in the initial Motion for Preliminary Injunction and support the same claims with additional evidence. However, should the Court be inclined to grant Plaintiffs' motion for leave, Defendants request leave to file a five-page surreply.

---

[12] Opp. to Prelim. Inj. ECF No. 32 App. 2-3 (La Cross Decl.) ¶ 7.
[13] Pls' Reply to Mot. for Prelim. Inj. ECF. No 35, App., 3 ¶ 12.

        Respectfully Submitted,

**ANDREWS KURTH KENYON LLP**

*/s/ Benjamin J. Setnick*
Benjamin J. Setnick
Texas State Bar No. 24058820
Email: bensetnick@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  214-659-4400

Erik C. Kane (admitted *pro hac vice*)
Email: EKane@kenyon.com
1350 I Street, NW, Suite 1100
Washington, DC 20005
Telephone:  202-662-3039

**ATTORNEYS FOR DEFENDANTS**

Of counsel:

Jessica Cohen-Nowak
Email: JCohenNowak@kenyon.com
One Broadway
New York, NY 10004
Telephone:  212-908-6419

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of this document has been served on all counsel of record via the Court's electronic filing system on March 5, 2017.

        */s/ Benjamin J. Setnick*