IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERITAGE CAPITAL CORPORATION, et al., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:16-CV-3404-D |
| CHRISTIE'S, INC., et al. | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

The instant motion for attorney's fees presents the question whether a party who succeeds in compelling arbitration of a copyright infringement claim can qualify as a "prevailing party" under 17 U.S.C. § 505. Concluding that the party cannot qualify as a "prevailing party," the court denies the motion.

I

Because this case is the subject of a prior memorandum opinion and order, *see Heritage Capital Corp. v. Christie's, Inc.*, 2017 WL 1550514 (N.D. Tex. May 1, 2017) (Fitzwater, J.) ("*Heritage I*"), the court will only recount the background facts and procedural history that are pertinent to this decision.

Plaintiffs Heritage Capital Corporation, Heritage Auctioneers & Galleries, Inc., Heritage Numismatic Auctioneers, Inc., Heritage Auctions, Inc., Heritage Vintage Sports Auctions, Inc., Currency Auctions of America, Inc., and Heritage Collectibles, Inc.

(collectively, "Heritage") operate the website www.HA.com ("HA.com"), which hosts sales and auctions of collectibles. Heritage alleged that defendants Christie's, Inc. and Collectrum, Inc. ("Collectrum") (collectively, "Christie's," unless otherwise indicated) had downloaded some or all of HA.com's listings using an advanced computer code. Heritage traced this activity to Christie's, discovered that some of the downloaded listings had appeared on the Collectrum website, and filed the instant lawsuit alleging seven federal- and state-law claims, among them copyright infringement under 17 U.S.C. §§ 106 and 501.[1] Christie's moved to dismiss and compel arbitration based on the arbitration clause in Heritage's Website Use Agreement.[2] In *Heritage I* the court held that Heritage's claim fell under the Use Agreement's broad scope, granted the motion to compel arbitration, and dismissed the action with prejudice. *Heritage I*, 2017 WL 1550514, at *6.

Christie's now moves for an award of attorney's fees under 17 U.S.C. § 505, a provision of the Copyright Act, alleging that it is a "prevailing party" under the statute. Heritage opposes the motion.

---

[1]The other claims included a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*.; violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq*.; harmful access by computer, under Tex. Civ. Prac. & Rem. Code Ann. §§ 143.001 and 143.002; trespass; unfair competition; civil conspiracy; and breach of contract.

[2]Those who visit and use Heritage's website for any reason assent to the Website Use Agreement, which prescribes rules and regulations for use and contains an arbitration clause that governs potential disputes.

II

"As a general rule, litigants must pay their own attorney's fees." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008) (citing *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). "The 'American Rule' is the starting point for fee awards: Even prevailing litigants are ordinarily not entitled to attorneys' fees from the losing party." *Blue Skies Alliance v. Tex. Comm'n on Envtl. Quality*, 265 Fed. Appx. 203, 206 (5th Cir. 2008) (per curiam). A party may recover attorney's fees, however, if authorized by statute or contract. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001).

Under 17 U.S.C. § 505, "[i]n any civil action under this title . . . the court may [] award a reasonable attorney's fees to the *prevailing party* as part of the costs." 17 U.S.C. § 505 (emphasis added). "Awarding attorney's fees to a prevailing party pursuant to § 505 is the rule rather than the exception, and fees should be rewarded routinely." *PAR Microsystems v. Pinnacle Dev. Corp.*, 995 F. Supp. 655, 656 (N.D. Tex. 1997) (Fitzwater, J.) (citing *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). Although the recovery of attorney's fees is routine under § 505, it is not automatic; they are "'to be awarded to prevailing parties only as a matter of the court's discretion.'" *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

III

The question whether Christie's can recover attorney's fees under § 505 turns on whether Christie's qualifies as a "prevailing party."

A

"[A] 'prevailing party' is one who has been awarded some relief by the court[.]" *Buckhannon*, 532 U.S. at 603.[3]  "The touchstone of the prevailing party inquiry . . . [is] the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."  *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)) (citing *Buckhannon*, 532 U.S. at 605).  Although the Fifth Circuit has not yet directly interpreted the term "prevailing party" in § 505, under analogous statutes a prevailing party must "(1) obtain actual relief that (2) materially alters the legal relationship between the parties and (3) modifies the [opposing party's] behavior in such a way that benefits the [moving party] at

---

[3]Although the Fifth Circuit has not addressed who is a "prevailing party" under § 505, the circuit courts addressing this issue have applied *Buckhannon*, 532 U.S. 598, and its progeny.  *See, e.g.*, *Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (applying *Buckhannon* to the Copyright Act); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) ("*Buckhannon*'s material alteration test applies to § 505 of the Copyright Act."); *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (holding that voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants under *Buckhannon*); *Tavory v. NTP, Inc.*, 297 Fed. Appx. 986, 988-89 (Fed. Cir. 2008) (applying *Buckhannon* to the Copyright Act); *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164 & n.9 (1st Cir. 2007) (holding that *Buckhannon*'s material alteration test applies to copyright claims, and concluding that dismissal for lack of subject matter jurisdiction did not confer prevailing party status).  District courts within the Fifth Circuit have done the same. *See, e.g.*, *Collins v. Doe*, 2013 WL 2896822, at *5 (S.D. Tex. June 12, 2013) (Rosenthal, J.).

the time of the judgment." *Howard v. Weston*, 354 Fed. Appx. 75, 77 (5th Cir. 2009) (per curiam) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)).

B

Christie's maintains that it is a prevailing party because it succeeded on its motion to compel, and that because the case was dismissed with prejudice, it obtained relief that materially altered the legal relationship between Christie's and Heritage. Heritage responds that compelling arbitration does not qualify as a "judicially sanctioned change in the legal relationship of the parties." Ps. Br. 4 (quoting *Buckhannon*, 532 U.S. at 605). It maintains that Christie's cannot qualify as a prevailing party because, although the federal case may have ended, the action proceeds in the arbitral forum provided for under the Use Agreement.

The Fifth Circuit has not yet addressed the question whether under § 505 or any other statutory or contractual fee shifting provision a party who successfully compels arbitration qualifies as a "prevailing party." The majority of courts that have addressed this issue, however, have determined that such a disposition does not "materially alter" the legal relationship between the parties.[4] These courts treat a successful motion to compel arbitration as a temporary procedural victory rather than an event conferring prevailing party status. *See, e.g.*, *Perry v. NorthCentral Univ., Inc.*, 2012 WL 1753014, at *1 (N.D. Ariz.

---

[4]In the authorities that Christie's cites to the contrary, the parties sought attorney's fees under the Federal Arbitration Act, not the Copyright Act. *See Daniels v. Progressive Turf, LLC*, 2006 WL 2589114, at *1 (E.D. Tex. Sept. 7, 2006); *Hires Parts Serv., Inc. v. NCR Corp.*, 859 F. Supp. 349, 355 (N.D. Ind. 1994). But here, "[d]efendants do not seek a fee award based on the [Federal Arbitration Act]." Ds. Br. 2.

May 16, 2012) ("[A]n order compelling arbitration, being merely a preliminary procedural order that is not on the merits and does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of a fee award."); *Foot Solutions, Inc. v. Washio*, 2009 WL 4261213, at *2 (N.D. Ga. Nov. 24, 2009) ("While Defendants here have succeeded in having Plaintiff's claims turned to arbitration, there is no information yet on whether Defendants have achieved more than this procedural victory."); *Frazier v. Johnson*, 2009 WL 331372, at *2 (M.D. Fla. Feb. 10, 2009) ("[P]rocedural victories, such as successfully defeating a motion to compel arbitration, [do] not make a litigant a prevailing party.").[5]

These cases logically flow from the Supreme Court's interpretations of "prevailing party." For example, *Buckhannon* sought to delineate what types of relief made a litigant a prevailing party. Identifying examples, the Court held that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 604 (quoting *Tex. State Teachers Ass'n*, 489 U.S. at 792-93). Although these examples do not exhaust what can create prevailing party status, they illustrate that a "material alteration" of legal rights disposes of the matter in question with some finality.

*Sole* similarly clarifies the limits of "prevailing party." In *Sole* the plaintiffs obtained

---

[5]Although these cases interpreted the term "prevailing party" as used in contracts between the litigants, each of these courts relied on *Buckhannon*'s material alteration standard and related cases. The court therefore finds them instructive.

a preliminary injunction that allowed them to perform a demonstration on a state beach that violated state rules. *Sole*, 551 U.S. at 79-80. Their challenge to the state rules failed, however, in the end. Plaintiffs still sought attorney's fees for their initial preliminary injunction victory. *Id.* at 81. The Court disagreed, holding that the plaintiffs were not prevailing parties because they "had gained no enduring change in the legal relationship between [themselves] and the state officials[.]" *Id.* at 86 (quoting *Tex. State Teachers Ass'n*, 489 U.S. at 792) (internal quotation marks and brackets omitted). Courts determining whether compelling arbitration confers prevailing party status have found that *Sole* "certainly is instructive." *Frazier*, 2009 WL 331372, at *2. As the *Frazier* court explained:

> In [*Sole*], the preliminary injunction allowed the plaintiffs to put on their demonstration. That relief was clearly as great, if not greater, than the [compelled arbitration] obtained by the defendants in this suit. Consequently, the defendants have no greater claim to attorneys' fees than did the plaintiffs in [*Sole*]. Therefore . . . the defendants are not prevailing parties[.]

*Id.*

Based on these persuasive decisions, the court holds that Christie's does not qualify under § 505 as a "prevailing party" because compelling arbitration was a procedural victory that did not "materially alter" the legal relationship between Heritage and Christie's. Regarding the copyright claims at issue, the legal relationship between Heritage and Christie's remains the same. Christie's is still potentially liable to Heritage under the Copyright Act, although the determination whether Christie's is liable will be made by an arbitrator rather than this court. To award Christie's attorney's fees under § 505 when it can

still be found liable under the Copyright Act would essentially replace a merits-based requirement for recovering attorney's fees with a procedural-based requirement. Christie's could actually lose on the merits—albeit before an arbitrator rather than in this court—and still recover the attorney's fees it expended in securing the arbitral forum. It is therefore apparent that such a procedural change of forum[6] does not materially alter a legal relationship in the manner the Copyright Act seeks to advance.

Christie's reliance on *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926 (7th Cir. 2008), can be distinguished. In *Riviera* the court held that the defendant was a prevailing party under § 505 where the plaintiff had consented to dismissal with prejudice. *Id.* at 928. The defendant had not moved to compel arbitration, and there was no prospect of further litigation of the claim. *Id.* In essence, there was no opportunity for the defendant's victory to be undone in another forum.

Christie's is correct that the *Riviera* court found the award of attorney's fees to be appropriate in part because the plaintiff ignored the parties' prior agreement not to sue. But

---

[6]For similar reasons, courts have concluded that dismissals for lack of personal jurisdiction or lack of subject matter jurisdiction do not confer prevailing party status under § 505. *See, e.g.*, *Caraustar Custom Packaging Group (Md.), Inc. v. Stockart.com, LLC*, 2006 WL 3371679, at *1 (W.D.N.C. Nov.20, 2006) (holding that, although court lacked personal jurisdiction, "Plaintiff is still free to pursue its claims against Stockart, but not in this forum. Thus, Stockart is not a 'prevailing party' under § 505"); *Lang v. Morris*, 2011 WL 6055513, at *4 (N.D. Cal. Dec. 6, 2011) (same); *Torres-Negron, LLC*, 504 F.3d at 164 (holding that dismissal for lack of subject matter jurisdiction did not confer prevailing party status); 4 Nimmer on Copyright § 14.10, Lexis (database updated November 2017) ("Because *Buckhannon* defines a 'prevailing party' as one who has 'prevailed on the merits of at least some claims,' it follows that dismissal for lack of subject matter jurisdiction cannot support an award of fees.").

the court reached this conclusion only after it had already determined that the defendant had prevailed.  *Id.* ("What remains is whether this is an appropriate occasion for fee shifting."). Indeed, whether a litigant is a prevailing party is the condition precedent to the court's ability to exercise its discretion to award attorney's fees.  *See* 17 U.S.C. § 505.  In *Riviera* the defendant was a prevailing party.  Here, Christie's has not yet prevailed, and it may not prevail in the arbitral forum.

Because successfully compelling arbitration does not materially alter the legal relationship between two parties, the court holds that Christie's is not a prevailing party under § 505 and is therefore ineligible to recover attorney's fees on the basis of this court's arbitration ruling alone.

\*   \*   \*

For the reasons explained, the court denies defendants' motion for attorney's fees.

**SO ORDERED**.

January 12, 2018.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE